SIERRA CLUB, The Wilderness Society, and Texas Committee on Natural Resources, Plaintiffs,

v.

John R. BLOCK, et al., Defendants.

Civ. A. No. L–85–69–CA.

United States District Court, E.D. Texas, Lufkin Division.

Oct. 26, 1987.

On Motion to Reconsider Nov. 2, 1987.

Doug L. Honnold, Boulder, Colo., for plaintiffs Sierra Club & Wilderness Soc.

Edward C. Fritz, Dallas, Tex., for plaintiff Texas Committee on Natural Resources.

Ruth Harris Yeager, Asst. U.S. Atty., Tyler, Tex., Charles Brooks, and Wells D. Burgess, U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

ROBERT M. PARKER, District Judge.

The plaintiff, Texas Committee on Natural Resources (TCONR), has filed a motion for a Temporary Restraining Order and Preliminary Injunction seeking relief from certain timber management practices of the defendants and United States Forest Service (Forest Service). TCONR argues that the contemplated practice of clear-cutting or "even-age management" of timber in National Forests located in Texas, particularly the Angelina National Forest, will cause irreparable harm to the plaintiffs and the Red–Cockaded Woodpecker, an endangered species located therein.

The court conducted a hearing on the matter on October 23, 1987, and after considering the file and pleadings, concludes that TCONR's request for a Temporary Restraining Order shall not be granted. Given the circumstances of the case, particularly the paucity of sufficiently developed facts which form the basis of the claim, the court is of the opinion that the extraordinary relief of a Temporary Restraining Order is not a proper or appropriate remedy at this time.

At the hearing on the motion, the parties stipulated that no cutting would take place within one tract in particular, Unit 6 of Compartment 72 of the Angelina District of the Angelina National Forest, until the date of trial, thereby temporarily eliminating the need for injunctive relief with respect to clear-cutting of that parcel. At the hearing, the parties failed to reach agreement regarding cutting within one

**1256**

hundred (100) yards of affected Red–Cockaded Woodpecker colonies.

Although the court has determined that a Temporary Restraining Order is not appropriate in this case, the court nonetheless is concerned that a balancing of considerations between the parties is necessary to protect the Red–Cockaded Woodpeckers, currently listed as an endangered species, during the pendency of this action. The court is persuaded that policies of the Forest Service, if pursued during the approximately six (6) weeks prior to trial, constitute a clear and present danger to the environment of this endangered species. Therefore, the Forest Service shall be enjoined from clear-cutting up to or within 100 yards of the boundary of any Red–Cockaded Woodpecker Colony within the National Forests located in Texas.

IT IS SO ORDERED.

### ON MOTION TO RECONSIDER

Came on for consideration the Defendant's Motion to Reconsider Order Enjoining the Forest Service, or in the Alternative to Clarify Order in the above styled and numbered cause. The court is of the opinion that the Motion to Reconsider shall be DENIED, however with respect to the Motion to Clarify, the court has determined that it shall be GRANTED, and that the following disposition is appropriate.

The court, in its order of October 26, 1987, did *not* grant a preliminary injunction, nor has this court made any findings as to the merits of plaintiff's claims. The court denied the broad based relief requested in the *Motion for a Temporary Restraining Order*, however, based on a balancing of interests, the court ordered a restraint on the defendants' cutting practices as it relates to the endangered species, the Red–Cockaded Woodpecker. It should be clear that this restriction is applicable only to the time period between now and the date of trial.

IT IS SO ORDERED.